UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jason R. Penta, | No. 2:22-cv-01215-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| Steven N. Bond, et al., | |
| Defendants. | |

Plaintiff Jason R. Penta, proceeding *pro se*, moves for a temporary restraining order to stop the transportation of a storage unit, formerly in his possession, that was auctioned off on August 10, 2022 and is scheduled for pickup as soon as August 18, 2022, the day the court is issuing this order. *See* Am. Mot. for TRO, ECF No. 16 at 2. For the reasons below, the court **denies** plaintiff's motion.

**I.     BACKGROUND**

In November 2013, plaintiff entered into a six-month commercial lease at 17900 Construction Way in Redding, California. Compl. Ex. A at 244, ECF No. 1. In 2014 and 2016, he exercised two options to extend the lease period by a total of seven years, meaning his lease would end on April 30, 2021. Compl. Ex. C at 268, ECF No. 1. In October 2020, plaintiff's attorney attempted to execute an option to extend the lease agreement by an additional five years, into 2026. Compl. Ex. E at 274, ECF No. 1. Through an attorney, the new owner of the property

1

informed plaintiff's attorney that there was no third option to exercise under the terms of the lease. Compl. Ex. F at 278, ECF No. 1. Furthermore, even if there were a third option, "such option is exercisable only if the lessee 'is in good standing with Lessor'," and plaintiff was "not in good standing." *Id.* Plaintiff did not provide proof of insurance, as was required by the terms of the lease, and had been living on the property, which was not zoned for residential use. *Id.*

In February 2021, the owner's attorney notified plaintiff that the tenancy would end on April 30, 2021, at which time plaintiff would need to vacate the premises. Compl. Ex. M at 319, ECF No. 1. Plaintiff refused and, in May 2021, the owner filed a complaint against plaintiff for unlawful detainer in Shasta County Superior Court. Compl. Ex. N at 323, ECF No. 1. Plaintiff answered the complaint but did not appear for trial on July 16, 2021, and the court entered judgment against him. Compl. Ex. P at 342–342, ECF No. 1. The court awarded the property owner possession of the property and holdover damages. *Id.* Plaintiff did not appeal. *Id.* The owner gave plaintiff until February 28, 2022 to remove his personal property from the commercial property. Compl. Ex. Q at 351, ECF No. 1. Plaintiff did not retrieve a 40-foot storage unit containing personal items. In July 2022, plaintiff filed the instant complaint against the former owner, the current owner and his attorney, and the plaintiff's former personal attorney. *See generally* Compl. Among other allegations, plaintiff avers the two attorneys forged his signature and otherwise altered the original lease agreements *Id.* at 195–196, 202.

On August 8, 2022, North State Auctions sold plaintiff's storage unit, which is scheduled for pickup before August 22, 2022. Mot. for TRO, Ex. 1, ECF No. 12-1. This court denied plaintiff's first motion for a temporary restraining order to stop the sale that was then in progress, noting:

> The motion and exhibits in support of the motion do not sufficiently show that Plaintiff will suffer irreparable harm from the sale of his storage unit located on land owned by Defendant, for which his lease expired on or about 4/30/2021; for which the property owner obtained a state court order to vacate, enforceable by the local Sheriff, in July 2021; and for which bidding has already begun with the bidding period set to close within the next day. Moreover, an order from this court granting the TRO might violate the Anti-Injunction Act, 28 U.S.C. § 2283, and Plaintiff has not pointed to a statutory exception permitting this court's intervention.

Minute Order (Aug. 9, 2022), ECF No. 13.

Plaintiff filed an amended motion for a temporary restraining order on August 16, 2022, seeking to stop the removal of the storage unit from North State Auctions by the person who by then had purchased the unit. *See generally* Am. Mot. for TRO. For the reasons below, the court **denies** this amended motion.

## II.     DISCUSSION

A temporary restraining order or "TRO" may be issued only upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). A TRO is an extraordinary remedy, and a plaintiff who requests a TRO must prove that remedy is proper by a clear showing. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Here, the court finds the applicable standard is not met because plaintiff still has not shown he is likely to suffer irreparable harm in the absence of an injunction. "Typically, monetary harm does not constitute irreparable harm." *Timbisha Shoshone Tribe v. Salazar*, 697 F. Supp. 2d 1181, 1189 (E.D. Cal. 2010) (quoting *Cal Pharmacists Ass'n v. Maxwell–Jolly*, 563 F.3d 847, 851 (9th Cir.2009)). "Economic damages are not traditionally considered irreparable because the injury *can later be remedied by a damage award*." *Id*. (quoting *Cal Pharmacists Ass'n* at 852 (emphasis in original)). While the removal of plaintiff's storage unit containing personal items may cause him economic loss, money damages would be available in the unlikely event he later succeeds on his claims.

Separately, plaintiff's amended TRO does not address this court's concern regarding the possibility of running afoul of the Anti-Inunction Act, which provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or whether necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The exceptions to the Anti-Injunction Act "must be construed narrowly and doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). "[D]istrict courts have held that a request for a temporary restraining order enjoining a state court unlawful detainer action does not fall into one of the exceptions listed in the Act." *Penina Tagoia v. Wells Fargo Bank*, N.A., No. 17-06777, 2018 WL 646643, at *1 (N.D. Cal. Jan. 31, 2018) (citing *Michener v. Wells Fargo Home Mortg.*, No. 12-2003, 2012 WL 3027538, at *4 (N.D. Cal. July 24, 2012); *Diaz v. Nat'l City Bank*, No. 12-1393, 2012 WL 2129916, at *2 (S.D. Cal. June 12, 2012); *Sato v. Wachovia Mortg., FSB*, No. 11-00810, 2012 WL 368423, at *2 (N.D. Cal. Feb. 3, 2012)). Because the court understands plaintiff's motion for a TRO to be a challenge to the state court's ruling on the unlawful detainer action, the injunctive relief plaintiff seeks is prohibited by the Anti-Injunction Act and does not fall within an exception.

### III. CONCLUSION

Plaintiff's motion for TRO is **denied.** The matter is referred to the assigned magistrate judge for all further proceedings.

This order resolves ECF Nos. 15 and 16.

IT IS SO ORDERED.

DATED: August 18, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE